U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office
3:10 P.M.
June 16 2006
Deputy Clerk

# In the United States District Court for the Southern District of Georgia Brunswick Division

| | | |
|---|---|---|
| JUDY WILLIAMS-MASON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY and DELPHI FINANCIAL GROUP, | : | |
| Defendants. | : | NO. CV206-124 |

**O R D E R**

On October 21, 2005, Plaintiff, Judy Williams-Mason, filed this breach of contract action in the Superior Court of Glynn County, Georgia, alleging that Defendants, Reliance Standard Life Insurance Company and Delphi Financial Group, (collectively, "Reliance Standard"), unlawfully terminated her long term disability benefits. Defendants removed the case to the United States District Court for the Southern District of Georgia, Savannah Division. By Order dated June 12, 2006, the case was transferred to this Court. Currently pending for

decision are Plaintiff's motion to remand and Defendants' motion to dismiss. Because the Court finds that it has diversity jurisdiction and Plaintiff has stated a claim upon relief can be granted, the parties' motions will be **DENIED**.

**BACKGROUND**

Plaintiff was formerly employed by the Glynn-Brunswick Memorial Hospital d/b/a Southeast Georgia Regional Medical Center, ("Georgia Regional"), a hospital authority established pursuant to the Georgia Hospital Authorities Act, O.C.G.A. § 31-7-70 et seq.. During her employment, Plaintiff was covered by a group insurance policy Defendant issued to Georgia Regional in order to fund its long term disability benefits program for eligible employees.

Plaintiff submitted a disability claim and proof of loss while the policy was in full force and effect. Defendant subsequently notified Plaintiff that her benefits were being cancelled because her disability was the result of a mental or nervous disorder and, therefore, excluded from coverage under the terms of the policy.

On October 21, 2005, Plaintiff filed suit in Glynn County Superior Court alleging that Defendants breached the terms of



AO 72A
(Rev. 8/82)

the policy by terminating her long term disability benefits. In her Complaint, Plaintiff seeks the full amount due under the policy, bad faith penalties, and attorney's fees and costs. Defendants filed a Notice of Removal to the United States District Court for the Southern District of Georgia, Savannah Division, and a Motion to Dismiss on December 5, 2005. Plaintiff filed a Motion to Remand on December 20, 2005. By Order dated, June 12, 2006, the case was transferred to this Court in the Brunswick Division.

## DISCUSSION

### I. Plaintiff's Motion to Remand

Plaintiff asserts that remand is proper because her claims under Georgia law are not preempted by the employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. and, therefore, Defendants have failed to establish a basis for subject matter jurisdiction. A defendant may remove a case to federal court only if the district court would have had original jurisdiction over the case. See 28 U.S.C. § 1441. Federal district courts have original jurisdiction over matters arising under federal law and diversity cases. See 28 U.S.C. §§ 1331, 1332. Defendant contends that both federal question



AO 72A
(Rev. 8/82)

and diversity jurisdiction exist in the case at bar. Plaintiff seeks remand solely on the ground that the state law claims alleged in her complaint do not arise under federal law as required to establish jurisdiction under 28 U.S.C. § 1331. When removal is challenged through a motion to remand, the defendant bears the burden of establishing that removal is proper. See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

Defendants have established a basis for diversity jurisdiction in the present matter. To establish diversity jurisdiction, Defendants must demonstrate that the parties are citizens of different states and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendant, Reliance Standard Life Insurance Company, a subsidiary of Delphi Financial Group, is incorporated in Delaware, with its principle place of business in Pennsylvania. (Compl.) Plaintiff is a resident of Georgia. (Compl.) Furthermore, based on the allegations in the Complaint, it would appear that the amount at issue exceeds the Court's jurisdictional limit of $75,000. Thus, the Court concludes that removal was proper.

## II. Defendant's Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants are entitled to dismissal of the claim if "the plaintiff can prove no set of facts in support of the claim that would entitle it to relief." Davita, Inc. v. Nephrology Assocs., P.C., 253 F. Supp. 2d 1370, 1374 (S.D. Ga. March 25, 2003). "In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998) (internal quotation marks omitted). Furthermore, the Court should consider only the facts as alleged in the parties' pleadings. Matters outside the pleadings may be considered only if the motion is converted to one for summary judgment. Fed. R. Civ. P. 12(b)(6), (c).

Defendants have moved to dismiss on the ground that Plaintiff's claims are preempted by ERISA. Congress enacted ERISA to protect "the interests of participants in employee benefit plans and their beneficiaries . . . ." 29 U.S.C. § 1001; Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994), cert. denied, 513 U.S. 1113, 115 S.Ct. 906, 130 L.Ed.2d



AO 72A
(Rev. 8/82)

788 (1995) ("ERISA is a comprehensive legislative scheme enacted by Congress 'to promote the interests of employees and their beneficiaries in employee benefit plans.'"). ERISA governs two types of employee benefit plans, "employee pension benefit plans" and "employee welfare benefit plans." See 29 U.S.C. § 1002(3). An employee insurance policy is covered by ERISA if it is a "(1) a plan, fund, or program (2) established or maintained (3) by an employer (4) for the purpose of providing medical benefits (5) to participants or their beneficiaries." Smith v. Jefferson Pilot Life Ins. Co., 14 F.3d 562, 567 (11th Cir.), cert. denied, 513 U.S. 808, 115 S.Ct. 57, 130 L.Ed.2d 1994) (citing Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982) (breaking up 29 U.S.C. § 1002(1) statutory definition into elements)); Anderson v. UNUM Provident Corp., 369 F.3d 1257, 1263 (11th Cir. 2004). Here, the long-term disability insurance program qualifies as an employee welfare benefit plan under ERISA because, as asserted in Plaintiff's response to the instant motion, it was established and maintained by Plaintiff's former employer for the purpose of providing welfare benefits to its employees.

Plaintiff's state law claims "relate to" the ERISA plan and are, therefore, preempted by ERISA. Since preemption



AO 72A
(Rev. 8/82)

claims turn on Congress's intent, the Court must begin its analysis with the text of the provision in question. See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 655, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995) (citations omitted). ERISA provides for the preemption of "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . " 29 U.S.C. § 1144(a). The United States Supreme Court has explained that "a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Here, Plaintiff's claims "relate to" the ERISA plan because they are based on the existence of the plan and the benefits it provides. Furthermore, Plaintiff seeks damages in an amount that she would have received under the plan. As such, a determination of damages requires reference to the ERISA plan, and this reference is sufficient to establish a relationship between her state law claims and the plan which warrants a finding of preemption. See Sanson v. Gen. Motors Corp., 966 F.2d 618, reh'g denied, 974 F.2d 1350 (11th Cir. 1992), cert. denied, 507 U.S. 984, 113 S.Ct. 1578, 123 L.Ed.2d

146 (1993) (claims related to employer's alleged fraudulent misrepresentation as to availability of benefits under a special retirement program was preempted by ERISA).

Plaintiff contends that even were the Court to determine that the long term disability program at issue in the instant case is an ERISA plan, her state law claims are not preempted by ERISA pursuant to the "governmental plan" exemption. ERISA specifically exempts governmental plans from complying with all of the provisions of Title I of ERISA. 29 U.S.C. § 1003(b)(1). A "governmental plan" is defined as a "plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing . . . ." 29 U.S.C.A. § 1002(32). Here, the long term disability program at issue was established and maintained by Plaintiff's former employer, Georgia Regional. Thus, the central issue before the Court is whether Georgia Regional, as a hospital authority, is a government "political subdivision," "agency or instrumentality" for purposes of ERISA's "governmental plan" exemption.

Courts have had difficulty defining the exact nature of hospital authorities. As public purpose authorities, hospital

authorities "are unique entities, lying somewhere between a local, general-purpose governing body (such as a city or county) and a corporation." Crosby v. Hosp. Auth., 93 F.3d 1515, 1524 (1996) (citations omitted.) Defendants cite to the unreported decision in Germaine v. Unum Life Ins. Co. of America, 2004 WL 2624873 (N.D. Ga. 2004), to support their argument.

In Germaine, the court held that a long term disability program established and maintained by a hospital authority does not fall under the government exemption to ERISA. Germaine, 2004 WL 2624873 at *8. In rendering its decision, the court relied on the conclusion in two Georgia cases – Richmond County Hosp. Auth., 112 Ga. App. 209, 144 S.E.2d 565 (1965), and Thomas v. Hosp. Auth. Of Clarke County, 264 Ga. 40, 41 (1994) – that a hospital authority, under Georgia law, is not a county, municipal corporation, or political subdivision when it acts as an employer. Germaine, supra. In addition to these entities, however, the government exemption expressly applies to a government "agency or instrumentality." Thus, the Germaine court ended its analysis prematurely by failing to determine whether a hospital authority is a government agency



AO 72A
(Rev. 8/82)

or instrumentality for purposes of the government exemption to ERISA.

Georgia courts have consistently found hospital authorities to be "instrumentalities" of the state. See Crosby v. Hosp. Auth. of Valdosta and Lowndes County, 93 F.3d 1515, 1525 (11th Cir. 1996), cert. denied, 520 U.S. 1116, 117 S.Ct. 1246, 137 L.Ed.2d 328 (1997) ("[T]he [Hospital] Authority is an instrumentality, agency, or 'political subdivision' of Georgia for purposes of state action immunity[.]"); Thomas v. Hosp. Auth. Of Clarke County, 264 Ga. 40, 42, 440 S.E.2d 195, 196 (1994) ("Since a hospital authority, though an instrumentality of government, is not, in any sense, an agency or department of the state, the nature of its function is irrelevant[.]"); Randolph County Hosp. Auth. v. Johnson, 215 Ga. App. 283, 283, 450 S.E.2d 318, 318-19 (1994) (quoting Thomas, supra, with approval); Cox Enters. v. Carroll City/County Hosp. Auth., 247 Ga. 39, 45, 273 S.E.2d 841, 845 (1981) ("[A hospital authority] is clearly not a municipal corporation as such, or a county, but merely their instrumentality."); Calhoun County Hosp. Auth. v. Walker, 205 Ga. App. 259, 260, 421 S.E.2d 777, 778 (1992) (A "hospital authority is an instrumentality of a subdivision of the



AO 72A
(Rev. 8/82)

state."); see also Adeduntan v. Hosp. Auth. of Clarke County, 2005 WL 2074248 (M.D. Ga. 2005) ("Hospital Authority . . . is not . . . subject to Plaintiffs' antitrust claims as an instrumentality, agency, or political subdivision of [the county.]"). Thus, the Court concludes that Plaintiff's former employer, Georgia Regional, is a government instrumentality. Accordingly, the long term disability program established and maintained by Georgia Regional is exempt from complying with all of the provisions of Title I of ERISA.

**CONCLUSION**

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Plaintiff's Motion to Remand (Doc. No. 7) and Defendants' Motion to Dismiss (Doc. No. 3) are **DENIED**.

**SO ORDERED**, this 16 day of June, 2006.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA



AO 72A
(Rev. 8/82)